UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND E. TEAGUE, JR., | 4:26-CV-04006-CBK |
| Plaintiff, | |
| | ORDER |
| vs. | |
| D. FOILES, | |
| Defendant. | |

Plaintiff, while a pretrial detainee at the Minnehaha County Jail in Sioux Falls, South Dakota, filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. He has since been released from custody and filed a new motion for leave to proceed *in forma pauperis* without the payment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915.

The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). The Court is required to dismiss a case filed without the prepayment of fees if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

Plaintiff claims D. Foiles, who plaintiff alleges is a States Attorney in Sioux Falls, South Dakota, falsely imprisoned him and committed defamation of character. He

contends that he "was jailed for 7 months for charges I didn't do." He also contends that his "face and name (sic) placed on Google people anywhere I go think Im (sic) a Rapist I can't get a job."

I take judicial notice of the records of South Dakota's Unified Judicial System, which are available on the ecourts portal, https://ecourts.sd.gov. Such records show that plaintiff was charged South Dakota Circuit Court, Second Judicial Circuit, Minnehaha County on November 25, 2020, with, *inter alia*, second degree rape, sexual contact without consent, burglary, possession of marijuana, and use or possession of drug paraphernalia, 49CRI20-008406. On March 26, 2021, ten days prior to the scheduled jury trial, the rape, sexual contact, and burglary charges were dismissed without prejudice on motion of the prosecutor. On April 7, 2021, plaintiff pleaded guilty to possession of marijuana and use or possession of drug paraphernalia. He was sentenced to 200 days custody, 61 days suspended and 139 days credit for time served, and total fines and costs of $375. All remaining charges in that case were dismissed. Defendant was not an attorney of record in that criminal case against plaintiff

"In order to sustain an action under 42 U.S.C. § 1983, [plaintiff] must allege a deprivation of a constitutional right." Green v. DeCamp, 612 F.2d 368, 369 (8th Cir. 1980). "False imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment." King v. Beavers, 148 F.3d 1031, 1034 (8th Cir. 1998). Plaintiff's false imprisonment claim fails to state a claim upon which relief can be granted in a § 1983 case. 28 U.S.C. § 1915(e)(2)(B)(i).

Further, "athough the imputation of a crime may be defamation per se, the stigma to one's reputation [is] not a property or liberty interest protected by the fourteenth amendment." Green v. DeCamp, 612 F.2d 368, 370 (8th Cir. 1980). Plaintiff's defamation claim fails to state a claim upon which relief can be granted in a § 1983 case. 28 U.S.C. § 1915(e)(2)(B)(i).

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 7, to proceed *in forma pauperis* without the payment of the filing fee is granted.

2. Plaintiff's complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED this 13th of March, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3